**In the Matter of Keith A. MANSON.**

**No. 98S00–9604–DI–262.**

Supreme Court of Indiana.

Feb. 25, 1997.

---

12. "Low mental capacity is not a defense to a criminal charge." *Magers v. State,* 621 N.E.2d 323, 324 (Ind.1993). The trial court did find Ross' diminished mental capability to be a mitigating factor.

Keith A. Manson, Fernandina Beach, FL, Pro se.

Donald R. Lundberg, Executive Director, Robert C. Shook, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The respondent and the Disciplinary Commission agree that the respondent violated the *Rules of Professional Conduct for Attorneys at Law* when he engaged in various sex acts with a client in a vacant military courtroom, and that a suspension from the practice of law is appropriate discipline. We agree and thus accept the parties' tendered agreement in resolution of this disciplinary action.

The respondent was admitted to the practice of law in this state in 1991 and is therefore subject to this Court's disciplinary jurisdiction. The parties agree that during the time of the misconduct, the respondent was a lieutenant in the Judge Advocate General's Corps, United States Naval Reserve at the Naval Legal Service Office Detachment in Kings Bay, Georgia. He served as legal assistance attorney with the Naval Legal Service Office ("NLSO"). In addition, he was a special assistant to the United States Attorney at Kings Bay Naval Base, and prosecuted cases involving traffic tickets on the Kings Bay Naval Base. In that capacity, he was obligated to investigate base police's compliance with the Georgia Traffic Code and was under judicial order to dismiss speeding tickets written by base police in violation of the Georgia Code.

On September 18, 1992, the respondent met a client (the "client") twice in his capacity as legal assistance attorney for the NLSO. He advised her about issues related to her upcoming divorce and custody of a child from a previous marriage. The client and the respondent also discussed the possibility of dismissing a traffic ticket which she received on the base, although she ultimately paid the fine by mail prior to her scheduled hearing date. At the end of their second meeting on September 18, 1992, the respondent invited the client to accompany him to a military social function. She accepted, and they first went together to a bar, the "Tikki Hut." Unable to locate the social function, they proceeded to the officer's club, then back to the Tikki Hut, where they discovered the function in progress in a picnic area adjacent to the bar. The client willingly accompanied the respondent to both places. At approximately 6:30 p.m., the respondent and the client went back to his office at the NLSO. They engaged in sexual intercourse and oral sex in the NLSO courtroom.

The respondent's clandestine sexual foray with a client who had come to him for legal help at a moment of special vulnerability reflects a profound disrespect for the legal system by one sworn to "maintain the respect due to courts ..." *See* Ind.Admission and Discipline Rule 22, *Oath of Attorneys.* Use of the court's official forum for the liaison aggravates the misconduct. Such actions erode the public's perception of the integrity of the legal profession. Accordingly, we find that the respondent violated Ind.Professional Conduct Rule 8.4(d) in that his conduct was prejudicial to the administration of justice.

The parties agree that the respondent should be suspended from the practice of law for a period of six (6) months. We agree that the respondent's misconduct warrants suspension in order to demonstrate our intolerance for such behavior.

It is, therefore, ordered that the respondent, Keith A. Manson, be suspended from the practice of law for a period of six (6) months, effective immediately. At the conclusion of that period, he shall be automat-

ically reinstated to the practice of law, provided he satisfies the requirements of Admis.Disc.R. 23(4)(c).

Costs of this proceeding are assessed against the respondent.